24CA0886 Peo v Waddy 07-23-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0886
Arapahoe County District Court No. 17CR3242
Honorable David Karpel, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Jordan Tyler Waddy,

Defendant-Appellant.

---

ORDER AFFIRMED

Division VII
Opinion by JUDGE PAWAR
Sullivan and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 23, 2026

---

Philip J. Weiser, Attorney General, Jessica E. Ross, Senior Assistant Attorney General and Assistant Solicitor General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Andrea R. Gammell, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1   Defendant, Jordan Tyler Waddy, appeals the district court's order revoking his sentence to the Youthful Offender System (YOS) and imposing a previously suspended fifteen-year sentence to the custody of the Department of Corrections (DOC). He contends that the court erred by not dismissing the prosecution's motion to revoke his YOS sentence because his constitutional due process rights were violated during the revocation process. We affirm.

## I.   Background

¶ 2   Pursuant to a plea agreement, Waddy pled guilty to attempted aggravated robbery and conspiracy to commit aggravated robbery and stipulated to a fifteen-year sentence in the DOC on each count. The prison sentences were suspended pending his successful completion of five years in YOS. The agreement provided that the "DOC sentence <u>MUST</u> be imposed in the event of rejection/termination from YOS program."

¶ 3   In July 2018, the district court accepted Waddy's guilty pleas and sentenced him in accordance with the plea agreement. At sentencing, the court advised Waddy that, "[i]f you are not successful in [YOS], if you are rejected from YOS, the sentence will

become [fifteen] years in the [DOC]." Waddy's expected discharge date from the YOS was in November 2022.

¶ 4 In July 2022, while under community supervision, Waddy picked up new charges including, among other things, possession of a weapon by a previous offender (POWPO). He remained in custody during the pendency of the new charges. In April 2023, the YOS notified Waddy that (1) because the new criminal charges would violate the terms of his YOS sentence, his YOS discharge had been placed on hold indefinitely; (2) he would remain in custody on a YOS hold until he had resolved his pending charges; and (3) no action would be taken to revoke his YOS sentence until his pending charges were resolved. He was notified that, if convicted of a felony in his pending case, the YOS would request revocation of his YOS sentence. Waddy ultimately pled guilty to conspiracy to commit POWPO, a class 6 felony, in the new case.

¶ 5 After the YOS notified the prosecutor that Waddy's new felony conviction violated the terms of his YOS sentence, the prosecutor petitioned the district court to revoke Waddy's YOS sentence and impose the suspended DOC sentences.

¶ 6    Waddy moved to dismiss the prosecution's petition to revoke, asserting that the failure to provide him with notice of revocation of his YOS sentence before the term of his YOS sentence expired violated his due process rights.[1]  The district court denied the motion and imposed the suspended fifteen-year DOC sentences on Waddy's convictions.

¶ 7    On appeal, Waddy contends that his constitutional due process rights were violated because he did not receive notice of his YOS sentence revocation before its term was set to expire.  We are not persuaded.

## II.    Standard of Review and Legal Authority

¶ 8    We review alleged due process violations de novo.  *People v. Slusher*, 2026 COA 30, ¶ 67.

¶ 9    Section 18-1.3-407(2)(a)(I) and (II), C.R.S. 2025, sets forth the procedures for a district court to sentence an offender to the YOS and for revocation of that sentence.  As relevant here, the district court first imposes a DOC sentence on the offender and then suspends it conditioned upon completion of the YOS sentence.

---

[1] Waddy also challenged the court's jurisdiction but does not reassert that claim on appeal.

§ 18-1.3-407(2)(a)(I). The suspended DOC sentence will be considered completed only "[u]pon the successful completion of the determinate sentence to the [YOS]." § 18-1.3-407(2)(a)(II). Offenders "who cannot successfully complete the sentence to the [YOS], or who fail to comply with the terms or conditions of the [YOS]," must be returned to the district court for revocation of their YOS sentence. § 18-1.3-407(5)(c). "Whenever an offender is returned to the district court for revocation pursuant to [section 18-1.3-407(5)], the court shall impose the original [DOC] sentence following the revocation of the sentence to the [YOS]." § 18-1.3-407(2)(a)(II); *see* § 18-1.3-407(5)(c).

¶ 10     Unlike "the full panoply" of constitutional protections afforded an accused at trial, only minimum due process protections are required during a YOS revocation proceeding. *People v. McCoy*, 939 P.2d 537, 540 (Colo. App. 1997).

## III.   Analysis

¶ 11     Waddy acknowledges that an offender's YOS sentence is tolled when an offender is arrested on new charges before the expected completion date of their YOS sentence. *See People v. Martinez*, 2015 COA 33, ¶¶ 19-24 ("By violating conditions of his YOS

4

sentence before the anticipated completion date, [the] defendant did not successfully complete his YOS sentence, and, therefore, his suspended DOC sentence was not complete."); *see also People v. Efferson*, 122 P.3d 1038, 1041 (Colo. App. 2005) (defendant's arrest and custodial status tolled the sentence completion date). The fact that Waddy's July 2022 arrest tolled the expected November 2022 expiration of his YOS sentence necessarily undermines his due process claim.

¶ 12   Nevertheless, Waddy argues that the cases finding a sentence was tolled under these circumstances are inapposite because, unlike here, "there was no indication the offender had not received notice about consequences to the YOS term prior to its expiration." Even if this is factually true, Waddy does not explain why notice is required before an offender's arrest and custodial status tolls an expected YOS completion date. Moreover, the record establishes that Waddy was informed multiple times that, if he did not successfully complete his YOS sentence, the sentence would be revoked and the suspended DOC sentence would be imposed. It further shows that Waddy was advised that failure to obey state laws would be a violation of the terms of his YOS sentence.

¶ 13    As we interpret Waddy's opening brief, he asserts two legal bases to support his assertion that due process required notice of revocation before the expected expiration of the term of his YOS sentence: (1) he had a reasonable expectation of finality in his YOS sentence such that the lack of notice before the expiration of the sentence's term violated due process; and (2) a YOS revocation proceeding should be treated similarly to a probation revocation proceeding, in which probation may not be revoked unless revocation proceedings are initiated before the probationary term expires. We conclude that neither basis supports Waddy's due process argument.

¶ 14    First, even assuming Colorado has recognized a due process right to the expectation of finality in a sentence, Waddy does not explain why he developed such an expectation, particularly since a YOS sentence does not replace the original, suspended DOC sentence and the DOC sentence is only completed upon successful completion of the YOS sentence. *People v. Miller*, 25 P.3d 1230, 1232 (Colo. 2001); *Martinez*, ¶ 18; *cf. People v. Chavez*, 32 P.3d 613, 614 (Colo. App. 2001) (a defendant can have no legitimate

expectation of finality in a sentence that, by statute, is subject to further review and revision).

¶ 15    Next, the requirement in probation revocation proceedings that revocation must be initiated before a probation term expires derives from statute, not constitutional due process rights.  *See People v. Gore*, 774 P.2d 877, 877, 884 (Colo. 1989); *Efferson*, 122 P.3d at 1040.  And our case law has clearly held that YOS revocation proceedings can be initiated after the expected YOS discharge date since the offender remains subject to the suspended DOC sentence.  *See Miller*, 25 P.3d at 1232-33; *Martinez*, ¶¶ 14-25 (rejecting the application of *Gore* to a YOS revocation proceeding); *Efferson*, 122 P.3d at 1041 (distinguishing *Gore* in a YOS revocation proceeding).

¶ 16    For these reasons, we conclude the district court properly denied Waddy's motion to dismiss the petition to revoke his YOS sentence.

## IV.    Disposition

¶ 17    The order is affirmed.

JUDGE SULLIVAN and JUDGE MEIRINK concur.